LAW OFFICE OF RICHARD W. SNYDER
RICHARD W. SNYDER, ESQ., State Bar # 183570
18002 Irvine Blvd., Suite 165
Tustin, CA 92780
(714) 505-7585

Attorney for Movant
BANKRUPTCY RESOURCE MANAGEMENT INC.



**FILED & ENTERED**

**AUG 21 2015**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**CHANGES MADE BY COURT**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

In re
HECTOR R ROBLES-TOVAR
JESSICA CARRASCO

Debtor(s),

) Case No.: 2:15-16208-RK
)
) CHAPTER   7
)
) ORDER AUTHORIZING DEBTOR
) EXAMINATION AND PRODUCTION
) OF DOCUMENTS UNDER
) BANKRUPTCY RULE 2004
)
) ~~Date:  08/27/2015~~
) ~~Time:  04:00PM~~
) ~~Place: 18002 IRVINE BLVD~~
)         ~~SUITE 165~~
)         ~~TUSTIN CA 92780~~
)

Having considered the motion of BANKRUPTCY RESOURCE MANAGEMENT INC. ("BRM") to examine the above-named Debtor(s) under Rule 2004 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules 2004-1 and 9013-1(o), the court orders that the Motion is DENIED WITHOUT PREJUDICE for inadequate notice of an order to appear for examination to Debtor(s).

The court determines that BRM's submission by its attorney, Mr. Snyder, of a proposed order for examination to the court for review and approval less than one week before the scheduled examination does not give reasonable and fair notice to the Debtor(s) to appear for examination about BRM's collateral.  By the time the court reviews and processes the order for examination, it

could only be several days before Debtor(s) get notice of the order by mail service to appear for examination, which is unfair and unreasonable in the view of this court, particularly if Debtor(s) have work and family obligations on the date of the scheduled examination.  This is especially unfair because the order would require Debtor(s) on very short notice to drive down to BRM's attorney's (Mr. Snyder's) office in Orange County from Los Angeles County to be asked questions about BRM's collateral which Debtor(s) allegedly bought from Daniel's Jewelers.

The unreasonably short notice for an order for examination is apparently attributable to BRM's incorrectly following the procedures of Local Bankruptcy Rule 9013-1(o), which is applicable to motions determined after notice of opportunity to request hearing, which provides for a 15-day waiting period before submission of an order granting such motion.  However, BRM is following the wrong rule for its Motion for Examination under Rule 2004, which is covered by Local Bankruptcy Rule 9013-1(p), applicable to motions determined with notice, but without a hearing, which does not have any 15-day waiting period for the court to rule on the motion as provided in Local Bankruptcy Rule  2004-1.  Under Local Bankruptcy Rule 2004-1(c), as long as the movant gives not less than 21-days notice of the examination from the date the motion is served, the court can rule on the motion for examination without hearing immediately, without further waiting pursuant to Local Bankruptcy Rule 2004-1(d).  The party to be examined still has the right to seek a protective order under Local Bankruptcy Rule 2004-1(f) if the motion for examination is granted and an order for examination is issued and the motion for protective order is filed not less than 14 days before the date of the examination.

However, in this case, because BRM misunderstood the Local Bankruptcy Rules and did not lodge a proposed order until 15 days after the motion was served, the court's review of the motion for examination and issuance of an order for examination was unreasonably delayed, so that Debtor(s), as the party(ies) required to appear for examination, have an unreasonably short time to get notice of

a court order that the motion for examination is being granted and that the appearance for examination is required.  During the time period of at least 15 days that BRM waited to submit the proposed order for examination, Debtor(s) did not know whether an appearance for examination was required or not, which deprived Debtor(s) the right to file a motion for protective order, which must be filed not less than 14 days before the examination .  In this example, BRM only submitted a proposed order for examination on a Friday for an examination on the following Thursday.  The court may or may not review it on the day BRM submitted it, and it could be several days before the order is reviewed, approved, entered and served by mail, perhaps Monday or Tuesday.  By the time Debtor(s) receive a copy of an actual order for examination, it could only be a few days or less before the ordered examination on Thursday, which is not reasonable in the view of this court.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

Above-named Debtor(s) are **NOT** ordered to appear at this time before BRM's attorney, Mr. Snyder, at his office at 18002 Irvine Blvd., Suite 165, Tustin, CA 92780, on 08/27/2015 at 03:30PM. **The examination is cancelled by this order.** However, Debtor(s) should be advised that the examination may be rescheduled and ordered if BRM follows the proper procedures under Local Bankruptcy Rules 2004-1 and 9013-1(p) and promptly submits a proposed order for examination once it files and serves a new motion for examination of Debtor(s) under these rules, so that the court can issue an order for examination if the new motion is granted, which will provide reasonable advance notice to Debtor(s) to appear for examination.

Meanwhile, by this order, the motion of BRM for examination of Debtor(s) is DENIED WITHOUT PREJUDICE, Debtor(s) need not appear before BRM's attorney on August 27, 2015, and BRM is admonished to follow the correct rules and procedures in bringing motions for Rule 2004 examination.

IT IS SO ORDERED.

###

Date: August 21, 2015

_____
Robert Kwan
United States Bankruptcy Judge