LAW OFFICE OF RICHARD W. SNYDER
RICHARD W. SNYDER, ESQ., State Bar # 183570
18002 Irvine Blvd., Suite 165
Tustin, CA 92780
(714) 505-7585

Attorney for Movant

Bankruptcy Resource Management Inc.



**FILED & ENTERED**

**OCT 27 2015**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum    DEPUTY CLERK

**CHANGES MADE BY COURT**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br>HECTOR R ROBLES-TOVAR<br>JESSICA CARRASCO<br><br>        Debtor(s) | Case No.: 2:15-16208-RK<br><br>Chapter  7<br><br>ORDER DENYING MOTION TO COMPEL APPEARANCE AT EXAMINATION AND TO POSTPONE OR SET ASIDE GRANTING OF DISCHARGE |

  On October 7, 2015, Bankruptcy Resource Management, Inc. ("BRM") filed the instant "Motion to Compel Appearance at Examination and to Postpone or Set Aside Granting of Discharge."  In its moving papers, BRM alleges that this court issued an order entered on September 2, 2015, directing Debtor Hector R. Robles-Tovar (the "Debtor") to appear for an examination under Rule 2004 of the Federal Rules of Bankruptcy Procedure on October 1, 2015, at 2:00 p.m., at the law office of BRM's counsel, Richard W. Snyder, and that Debtor failed to appear at the Rule 2004 examination as ordered.  By its motion, BRM seeks an order compelling Debtor to appear for a rescheduled Rule 2004 examination on November 19, 2015, at 3:00 p.m., and delaying entry of the Debtors (Hector R. Robles-Tovar and Jessica Carrasco) Chapter 7 bankruptcy discharge and the closing of their bankruptcy case for at least 60

days following entry of an order compelling attendance at the FRBP 2004 examination, citing Rule 7006 of the Federal Rules of Bankruptcy Procedure regarding enlargement of time. On October 26, 2015, BRM filed a declaration of non-opposition to the motion pursuant to Local Bankruptcy Rule 9013-1(o).

Having considered the moving papers, the court denies the motion without prejudice for the following reasons:

1. The court does not see that the instant motion to compel compliance with its prior Rule 2004 examination of September 2, 2015 is the appropriate remedy for Debtor's alleged noncompliance (or "defiance" as described in the moving papers) with such order. The appropriate order for noncompliance with a court order is a motion for contempt under Local Bankruptcy Rule 9020-1. In its moving papers, BRM cites Rule 2004 of the Federal Rules of Bankruptcy Procedure, specifically citing in turn Rule 9016 of the Federal Rules of Bankruptcy Procedure, as its authorities to compel attendance of a witness for a Rule 2004 examination. But the court has already issued its September 2, 2015 order for Rule 2004 examination which satisfies the requirements of Rules 2004 and 9016, the latter of which refers to issuance of subpoenas under Rule 45 of the Federal Rules of Civil Procedure, because the Rule 2004 examination order has the effect of a subpoena as court process to compel attendance of a witness. At this point, the appropriate remedy for willful noncompliance with a court order, such as the Rule 2004 examination order, is a contempt proceeding which is governed by Local Bankruptcy Rule 9020-1. The instant motion does not comply with the procedures of Local Bankruptcy Rule 9020-1 for holding Debtor in contempt.

2. If by the instant motion, BRM merely intended to reschedule a Rule 2004 examination without moving for contempt, then this would not be a motion to compel examination, but a motion to reschedule the examination, which could be requested under Local Bankruptcy Rule 2004-1 and 9013-1(p) without hearing or the need to follow the negative notice procedures of Local

Bankruptcy Rule 9013-1(o). However, the court is not sure that this is what BRM wants because the motion is not clear about this in that it said that it sought to compel Debtor's attendance at a Rule 2004 examination, which has already been compelled by the prior Rule 2004 examination order and would be redundant and unnecessary in the court's view.

3. However, BRM's request to compel Debtor's attendance is also coupled with a request for sanctions that the court delay the Debtors' Chapter 7 bankruptcy discharge and closing of their bankruptcy case. In support of this request, BRM cites Rule 7006 of the Federal Rules of Bankruptcy Procedure, which is a rule that does not exist. It appears that BRM meant Rule 9006 of the Federal Rules of Bankruptcy Procedure based on the quoted language of that rule in the motion as the reference to Rule 7006 was only one of several typographical errors in the moving papers. Contrary to BRM's arguments, Rule 9006 by itself is not adequate legal authority for the court to impose sanctions against Debtors to delay entry of their discharge and the closing of their bankruptcy case. It would seem to this court that the court would have to first hold them in contempt before imposing such sanctions against them, which are not properly before the court on this motion. Moreover, in any event, the motion to delay discharge is also moot because the discharge of debtors was entered in this case on August 3, 2015.

**4. Debtor is not required to appear at the Law Office of Richard W. Snyder located at 18002 Irvine Blvd., Suite 165, Tustin, CA 92780 on November 19, 2015, at 3:00 p.m., as proposed in the lodged [proposed] order. However, upon a proper motion, Debtor may be ordered to appear for a Rule 2004 examination at a future date and time.**

///

5. Accordingly, the "Motion to Compel Appearance at Examination and to Postpone or Set Aside Granting of Discharge" is DENIED WITHOUT PREJUDICE.

###

Date: October 27, 2015

_____
Robert Kwan
United States Bankruptcy Judge